**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE, )
)
v. )
) Cr. ID No.: 1305007005
CLIFFORD LUM, )
Defendant. )

Submitted: October 22, 2015
Decided: November 6, 2015

*Upon Commissioner's Report and Recommendation that Defendant's*
*Motion for Postconviction Relief Should be Summarily Dismissed,*
*Defendant's Motion for a New Trial Should be Denied,*
*and Motion for Discovery Should be Granted in Part*
**ADOPTED**

## ORDER

Upon consideration of the Commissioner's Report and Recommendation dated October 12, 2015, the Court finds as follows:

1. On October 16, 2014, Defendant Clifford Lum filed a motion for postconviction relief as a self-represented litigant.

2. Subsequently, Defendant was assigned counsel.

3. On July 13, 2015, assigned counsel filed a Motion to Withdraw pursuant to Superior Court Criminal Rule 61(e)(2). On July 22, 2015, Defendant filed a Motion to Contest his assigned counsel's Motion to Withdraw and also requested a new trial.

4. On August 3, 2015, Defendant filed a Motion for Discovery.

5. The motions were referred to a Superior Court Commissioner in accordance with Superior Court Criminal Rule 132 for proposed findings of fact and conclusions of law.[1]

6. The Commissioner issued the Report and Recommendation on October 12, 2015. The Commissioner recommended that Defendant's Motion for Postconviction Relief be summarily dismissed, Defendant's Motion for a New Trial be denied, and Defendant's Motion for Discovery be granted in part. With respect to Defendant's Motion for Discovery, the Commissioner recommended that the Court "ask trial counsel to mail a copy of the State's Discovery Response to [Defendant] *this one time only,*"[2] and that the Court provide Defendant a copy of his trial transcript.

7. "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[3] Neither party has filed an objection to the Commissioner's Report and Recommendation.

8. No objection was filed.

9. The Court holds that the Commissioner's Report and

---

[1] *See* Super. Ct. Civ. R. 132(a)(3), (4) (stating that Superior Court commissioners have the power to conduct both dispositive and non-dispositive hearings and to make certain pre-trial determinations and recommendations).

[2] Emphasis in Commissioner's Report and Recommendation.

[3] Super. Ct. Crim. R. 62(a)(5)(ii).

Recommendation dated October 12, 2015 should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and there was no abuse of discretion.[4]

**NOW THEREFORE, this 6th day of November, 2016, the Court hereby accepts the Commissioner's Report and Recommendation dated October 12, 2015 in its entirety. Defendant's Motion for Postconviction Relief is hereby DISMISSED, Defendant's Motion for a New Trial is hereby DENIED, and Defendant's Motion for Discovery is hereby GRANTED in part (trial counsel shall mail a copy of the State's discovery response to Defendant *this one time only*," and the Court shall provide Defendant one copy of his trial transcript).**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**


cc:  The Honorable Bradley V. Manning
Donald Roberts, Esq.
Daniel Logan, Deputy Attorney General
Timothy Weiler, Assistant Public Defender

---

[4] Super. Ct. Crim. R. 62(a)(4)(iv).